**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TELVIN DARDEN** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:24-cv-00136** |
| | § | |
| **MOUNT ENTERPRISE** | § | |
| **COMMUNITY HEALTH CLINIC** | § | |
| **DBA CROSSROADS FAMILY CARE** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## INTRODUCTION

1.     This is an unlawful employment practices case.  It involves illegal retaliation against Telvin Darden for reporting sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and for violation of his rights under 42 U.S.C. §1981 prohibiting race discrimination.

## PARTIES

2.     Plaintiff Telvin Darden is an individual who worked as the human resource director for Defendant.

3.     Defendant Mount Enterprise Community Health Clinic dba Crossroads Family Care operates a health clinic in Henderson, Texas.  It may be served by delivering the summons and complaint to its registered agent for service Cherryl Rowell at 106 W. Rusk St., Mount Enterprise, Texas 75681.

## JURISDICTION

4.     The Court has subject matter jurisdiction over this civil action pursuant to

28 U.S.C. § 1331.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.    Plaintiff filed Charge # 450-2024-01576 with the EEOC alleging retaliation for reporting sexual harassment with the EEOC.  Upon request of Plaintiff, his notice of "Right-to Sue" was issued for Plaintiff (attached as Exhibit "A") and plaintiff, thereafter, was able to file a lawsuit on his Title VII claims.  This case is filed within 90 days of Plaintiff's receipt of his notice of right to sue from the EEOC.

6.    11.    All potential administrative remedies have been exhausted and prerequisites to litigation have been met.

## VENUE

7.    Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 29 U.S.C. § 1391(b) because (1) the Defendant resides within this judicial district and (2) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.

## FACTUAL BACKGROUND

8.    Plaintiff Darden was employed by Defendant Mount Enterprise Community Health Care dba Crossroad Family Care (hereinafter "Crossroads Family Care") in Henderson, Texas from May 17, 2021 until he was terminated on September 25, 2023. Darden's job was director of human resources.  The following is a list of significant events during his employment with Crossroads Family Care.

9.    On September 7, 2023, Darden received a report from Shonna Hansen, Director of Nursing for Crossroads Family Care that she was being subjected to sexually inappropriate

behavior by R.D. Wittner, then board president for the clinic. Darden reported this allegation to his chain of command and began to investigate the matter.

10. On September 14, 2023, Dr. William Roberson, Chief Medical Officer for Crossroads Family Care allegedly spoke to R.D. Wittner about his behavior in the clinic as well as asking staff to meet him outside of the office. Supposedly Wittner was asked to limit interactions between himself and the staff and to only address Amparo Mahler, CEO if he had any issues. Shortly after, Amparo learned the Board of Directors were now planning her termination. Amparo resigned that Thursday evening.

11. On September 15, 2023, Darden spoke to John Grubbs, board member for Crossroads Family Care. He stated Darden had not committed any foul play but did make the statement that he was the "sacrificial lamb". Melissa Irizarry was soon named interim CEO.

12. On September 18, 2023, Melissa Irizarry came into Darden's office and ordered him in a very rude manner to prepare his files for the board to review. Darden believed that the request was inappropriate because the board does not have the right to review personnel files. Irizarry also ordered Darden to stop any legal action/investigation he had previously started about the sexual harassment allegations against board president R.D. Wittner or the board's behavior.

13. The rest of that week Irizarry went around the office trying to slander Darden's name and justify the future actions of the board and stating that she was about to terminate Darden.

14. On September 25, 2023, the board and Irizarry scheduled a meeting with Darden and terminated him for "not fulfilling his duties as an HR director". Darden received no termination statement or disciplinary forms. Darden had never been written up or in any type of trouble since he started at Crossroads.

15. After Darden was terminated he was notified by Rolando Reyes that Irizarry stated

that black employees were "lazy", and the Mexican employees were all liars. This supports a statement made previously by board president Wittner, informing former CEO Mahler to not hire anymore employees with an accent.

## Reports

16.    In the course of his duties as a human resource director, Darden made good faith reports of sexual harassment by board president Wittner to his chain of command.

## Retaliation

17.    After Darden reported the sexual harassment allegations against board president Wittner to the appropriate law enforcement authorities, he suffered discriminatory conduct by Defendant that would not have occurred had the reports not been made.  Plaintiff was told specifically that he was the "sacrificial lamb" by a Crossroads Family Care board member.

## Termination

18.    On September 25, 2023, Darden was terminated a mere 18 days following his report of sexual harassment by board president Wittner.

## CLAIMS FOR RELIEF

### Title VII Retaliation

19.    By his conduct described herein, Darden participated in protected activity in opposing conduct made unlawful by Title VII of the Civil Rights Act of 1964, specifically sexual harassment. Moreover, Darden acted with a good faith belief that a Title VII violation existed and acted in a reasonable manner to oppose it by reporting sexually harassing conduct by board member Wittner to his chain of command.

20.    Plaintiff's complaints of sexual harassment, as described above, motivated his termination from employment with Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT – PAGE 4

21.    The reasons stated by Defendant as grounds for termination were false and therefore mere pretexts to effectuate the retaliation.

22.    Defendant intentionally engaged in unlawful employment practices involving Plaintiff because Plaintiff engaged in a federally protected activity in violation of his rights under 42 U.S.C. Section 2000e -3(a) et. seq. Title VII.

## Section 1981 Violation

23.    Darden's makes a claim for recovery under Section 1981 is based upon a 42 U.S.C. § 1981, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens. This law entitles a person of color to equal opportunity and treatment in employment.  Thus, when an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

24.    A person is also entitled to file suit and recover damages under Section 1981 for retaliation for opposing or reporting violations of Section 1981, or for participating in an investigation of a violation of Section 1981.

25.    Defendant violated the federal statute by intentionally discriminating and retaliating against Darden; and, as a direct result of the discrimination and retaliation caused damages to Darden.

## DAMAGES

26.    Plaintiff has suffered substantial emotional and financial damages, past and future, proximately caused by Defendant's retaliation for which Plaintiff now seeks compensation.

27.    Defendant acted with reckless or callous indifference to Plaintiff's federally protected rights or acted with evil motive or intent which entitles Plaintiff to recover punitive

damages.

## JURY DEMAND

28.    In accordance with Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all issues raised in this civil action that are triable of right or choice to a jury.

## REQUEST FOR RELIEF

29.    In accordance with Federal Rule of Civil Procedure 8(a)(3), Plaintiff requests the following relief:

A.    judgment in his favor on all claims asserted in the complaint;

B.    judgment against Defendant in an amount sufficient to compensate him  for the harms and losses that the violations of law caused, including back pay, compensatory damages, and, if restoration to work is not feasible, front pay;

C.    judgment against Defendant for punitive damages;

D.    judgment against Defendant for reasonable and necessary attorneys' fees and costs pursuant to 28 U.S.C. § 1988 and court costs pursuant to 28 U.S.C. § 1821 and 28 U.S.C. § 1920;

E.    pre-judgment and post-judgment interest as allowed by law; and

F.    for such other and further relief, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

/s/*William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF